In Re: Appeal of 'Elan of Philadelphia, Ltd. Etc.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued November 18, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *James J. Fitzgerald, III,* Chief Counsel, and *Harvey Bartle, II,* Acting Attorney General, for appellant.

*Barry Goldstein,* with him *G. Craig Lord* and *Peter J. Boyer, Blan, Rome, Comisky & McCauley,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., January 22, 1982:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an opinion and order of the Court of Common Pleas of Philadelphia County. The lower court reversed the Board's order and vacated its penalty imposed upon appellee, 'Elan of Philadelphia, Ltd.

Appellee, 'Elan of Philadelphia, Ltd. ('Elan) is a restaurant and social club owning and holding a restaurant liquor license, amusement permit and Sunday sales permit. A person wishing to patronize 'Elan can gain entry to the establishment in one of two ways. The patron can either purchase an annual or lifetime membership card to the club, or he can pay an entrance fee each time he wishes to gain access to the facility.[1] Those people holding membership cards to the club can enter without waiting in line. Additionally, they are afforded certain guest and billing privileges. On the other hand, non-members are required to wait in line to pay their fee and are admitted on a first come first served basis.

In July, 1979, 'Elan received a citation issued by the Board, charging it with violating the provisions of the Liquor Code.[2]

---

[1] The club is open daily to the general public at no charge prior to 4:00 p.m.

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 *et seq.*

The summons read,

WHEREAS, the Board is in possession of facts which lead it to believe that you have violated the provisions of the Liquor Code (Act of Assembly approved April 12, 1951, P.L. 90), as amended, and the rules and regulations adopted pursuant thereto, in the following manner:

1. You, by your servants, agents or employees offered and/or gave inducements to certain persons by allowing them privileges not permitted the general public, on or about April 24, May 9, 11, June 1, 1979, and on divers other occasions within the past year.

A hearing on the citation was conducted before a Board hearing examiner. In January, 1980 the Board issued an opinion and order sustaining the violation and imposing, as a penalty, a suspension for a period of three days, and thereafter until the conditions causing the issuance of the citation have been corrected. Following the Board's decision, 'Elan filed an appeal to the Court of Common Pleas of Philadelphia. The lower court held a de novo hearing in March, 1980. At the hearing, the lower court heard testimony relating to 'Elan's admission policy and the procedures followed in gaining entry to the restaurant and club. Subsequent to the hearing, the lower court, based on the testimony presented, rendered a decision reversing that of the Board and vacating the penalty imposed thereby. The court reasoned that 'Elan's mode of operation was neither in violation of nor offensive to the Liquor Code. It stated that the Board had erred in arriving at a contrary conclusion. The Board, in response to that opinion and order, filed the instant appeal to this Court.

The Board's chief argument centers around its contention that 'Elan's admission policies are violative of the provision of the Liquor Code prohibiting the of-

fering or giving of anything of value as an inducement for the sale of liquor.[3] In that regard, the Board asserts that 'Elan's practice of offering for sale yearly and lifetime memberships acts as an inducement for the purchase of alcoholic beverages. Specifically, the Board maintains that the inducement is the special treatment accorded a cardholder/member with respect to entrance, billing, and guest privileges.

The lower court held that 'Elan's admission practices were not contrary to Section 4-493(24) as they "were not within the contemplation of the legislature as prohibited conduct" when it enacted that section. We must agree with the lower court's ruling. We feel that the Board's interpretation of the provision in question is expansive and contrived. It seems illogical to conclude that the procurement of a club membership would act to influence or persuade a person to pur-

---

[3] See Section 4-493(24) of the Liquor Code, 47 P.S. §4-493(24). That section provides:

It shall be unlawful—

THINGS OF VALUE OFFERED AS INDUCEMENT

(24) For any licensee under the provisions of this article, or the board or any manufacturer, or any employe or agent of a manufacturer, licensee or of the board, to offer to give anything of value or to solicit or receive anything of value as a premium for the return of caps, stoppers, corks, stamps or labels taken from any bottle, case, barrel or package containing liquor or malt or brewed beverage, or to offer or give or solicit or receive anything of value as a premium or present to induce the purchase of liquor or malt or brewed beverage, or for any other purpose whatsoever in connection with the sale of such liquor or malt or brewed beverage, or for any licensee, manufacturer or other person to offer or give to trade or consumer buyers any prize, premium, gift or other similar inducement, except advertising novelties of nominal value which the board shall define: Provided, however, That this section shall not apply to the return of any monies specifically deposited for the return of the original containers to the owners thereof.

chase alcoholic beverages. The privileges associated with the acquisition of a membership card are neither directly nor indirectly related to the sale of liquor. Cardholders do not receive free drinks or discounted prices when purchasing the same. Thus, we must find appellant's argument to be without merit.

Appellant, while not arguing at length, briefly mentions a second basis to support its position that appellee, 'Elan's admission policy is in violation of the Liquor Code. Appellant contends that Section 4-491(6)[4] of the Code requires a licensed premises to be "at all times accessible to the use and accommodation of the general public . . ." 'Elan's membership policy, appellant asserts, does not accord the general public equal access, equal seating accommodations, and equal privileges while on the licensed premises. Thus, appellant states, 'Elan's entrance procedures are in contravention of Section 491(6) of the Code. Once again, our findings are not in agreement with appellant's contention.

Our review of the evidence presented in the instant case reveals that 'Elan's premises is accessible to any person of legal age who is willing to either purchase a

---

[4] 47 P.S. §4-491(6).

That section states:

It shall be unlawful—

### SALES BY RESTAURANT AND HOTEL LIQUOR LICENSEES

(6) For any restaurant or hotel licensee, his servants, agents or employes, to sell any liquor or malt or brewed beverages for consumption on the licensed premises except in a room or rooms or place on the licensed premises at all times accessible to the use and accommodation of the general public, but this section shall not be interpreted to prohibit a hotel licensee, or a restaurant licensee when the restaurant is located in a hotel, from selling liquor or malt or brewed beverages in any room of such hotel occupied by a bona fide guest.

membership or pay an admission fee. There is not a scintilla of evidence indicating that 'Elan employs any discriminatory practices with respect to gaining entry into its facility. Furthermore, a restaurant licensee which charges admission does not, by so doing, violate the condition that the premises remain open, to the public. *Schreiber Appeal,* 46 D. & C.2d 549 (1968).

For the aforementioned reasons, we must affirm the lower court's decision.

ORDER

AND Now, the 22nd day of January, 1982, the order of the Court of Common Pleas of Philadelphia County, in the above captioned matter, entered May 19, 1980, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.